33 Am. Rep. 107; *Ramsey* v. *Ramsey* (1889), 121 Ind. 215, 23 N. E. 69, 6 L. R. A. 682; *Hedrick* v. *Hedrick* (1891), 128 Ind. 522, 26 N. E. 768; *Tobin* v. *Tobin* (1902), 29 Ind. App. 382, 64 N. E. 624. In the instant case the finding of facts shows that appellant's parents were divorced; that her care and custody was awarded to her mother until the further order of court; that a judgment was rendered against her father and in favor of her mother for $100, as alimony and for the support and maintenance of appellant, which was paid on the date of its rendition; that there has been no modification or change of the judgment rendered in said divorce proceeding; that appellant has lived with her mother continuously since said divorce was granted, and has been supported by her, aside from annual contributions thereto, not exceeding $50, made by her father during the last five years of his life. These facts fail to show that the laws of this state imposed any obligation upon said Shirley Stephens to support appellant, within the meaning of said subdivision d, *supra*, at the time he met his death. Circumstances may have existed, notwithstanding such decree and the absence of any modification thereof, under which the law would have imposed such an obligation, but the evidence is not in the record, and its sufficiency to sustain the finding is not challenged. Finding no reversible error in the record, the award is affirmed.

---

### BRYAN ET AL. *v*. WALSH.

[No. 10,874. Filed June 1, 1921.]

From Marion Circuit Court (29,335); *Louis B. Ewbank*, Judge.

Action between Patrick Bryan and another and William F. Walsh. From the judgment rendered, the former appeals. *Affirmed.*

*Patrick J. Kelleher* and *Clifton R. Cameron*, for appellants.
*Holmes & McCallister*, for appellee.

PER CURIAM.—Judgment affirmed.